IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**<br><br>v.<br><br>$21,000.00 IN U.S. CURRENCY,<br><br>**Defendant.** | CIVIL NO. 18- |

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

TO THE HONORABLE COURT:

COMES NOW, plaintiff, the United States of America, by and through its undersigned attorneys, Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico; Hector E. Ramirez-Carbo, Assistant United States Attorney, Chief, Civil Division, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

NATURE OF THE ACTION

1. This is a civil action in rem brought to enforce the provisions of Title 18 United States Code, Section 981; Title 21 United States Code, Section 881(a)(6); Title 18 United States Code, Section 1956; Title 21 United States Code, Sections 841, 843(b) and 846.

DEFENDANT IN REM

2. The defendant property seized by United States Postal Inspection Service ("USPIS") agents consists of $21,000.00 in U.S. Currency.

JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over an action commenced by the United States

1

Title 28 United States Code, Section 1345; over an action for forfeiture pursuant to Title 28 United States Code, Section 1355; and over this particular action pursuant to Title 18 United States Code, Section 981 and Title 21 United States Code, Section 881(a)(6).

4. This Court has in rem jurisdiction over the defendant currency pursuant to Title 28 United States Code, Section 1355(b)(1)(A) (acts and omissions giving rise to the forfeiture occurred in this district) and Section 1355(b)(1)(B) (the defendant property is found in this district).

5. Venue is proper in this district pursuant to Title 28 United States Code, Section 1355(b)(1)(A) (acts and omissions giving rise to the forfeiture occurred in this district) and Section 1395 (the defendant property is found in this district).

## BASIS FOR FORFEITURE

6. This is a civil action in rem brought to enforce the provisions of Title 18 United States Code, Section 981 – Civil Forfeiture; Title 21 United States Code, Section 881(a)(6) – Forfeitures; Title 18 United States Code, Section 1956 – Laundering of Monetary Instruments; and Title 21 United States Code, Section 841 – Prohibited acts A, Section 843(b) – Communication Facility and Section 846 – Attempt and conspiracy.

## FACTS

7. The facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in the Title 28, United States Code, Section 1746 unsworn declaration of the USPIS, Postal Inspector, Brian C. Thompson attached hereto, and incorporated herein as if fully stated.

## CLAIM FOR RELIEF

WHEREFORE, the United States of America prays that a warrant of arrest for the defendant currency be issued; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant currency condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico, this 7th day of December 2018.

ROSA EMILIA RODRIGUEZ-VELEZ
United States Attorney

*s/ Hector E. Ramirez-Carbo*
**Hector E. Ramirez-Carbo**
Assistant U.S. Attorney
Chief, Civil Division
U.S.D.C. No. 214902
350 Carlos Chardón Street
Torre Chardón
Hato Rey, Puerto Rico 00918
Tel. (787) 766-5656
Fax. (787) 771-4050
Email: hector.e.ramirez@usdoj.gov

VERIFIED DECLARATION

I, Hector E. Ramirez-Carbo, Assistant U.S. Attorney, for the District of Puerto Rico, declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That the foregoing Complaint is based on reports and information furnished to me by the (USPIS); that everything contained therein is true and correct to the best of my knowledge and belief.

Executed in San Juan, Puerto Rico, this 7th day of December 2018.

*s/ Hector E. Ramirez-Carbo*
**Hector E. Ramirez-Carbo**
Assistant U.S. Attorney


VERIFIED DECLARATION

I, Brian C. Thompson, SA, declare as provided by 28 U.S.C. § 1746, the following:

I have read the contents of the foregoing Complaint for Forfeiture <u>in Rem</u> and the attached unsworn declaration thereto, and I find the same to be true and correct to the best of my knowledge and belief. I declare under penalty of perjury that the foregoing is true and correct.

Executed in San Juan, Puerto Rico, this 7th day of December 2018.

Brian C. Thompson
U.S. Postal Inspector
USPIS

≊JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
$21,000.00 IN U.S. CURRENCY.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Hector E. Ramirez-Carbo, AUSA, 350 Carlos Chardon Ave, Suite 1201, Hato Rey, PR 00918

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

[X] 1  U.S. Government Plaintiff
[ ] 2  U.S. Government Defendant
[ ] 3  Federal Question (U.S. Government Not a Party)
[ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [X] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title 18 United States Code, Section 981; Title 21 United States Code, Section 881(a)(6); Title 18 United States Code, Section 1956; Title 21 United States Code, Sections 841, 843(b) and 846.

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE: 12/7/2018
SIGNATURE OF ATTORNEY OF RECORD: s/Hector E. Ramirez-Carbo

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE



# United States District Court *for the* District of Puerto Rico

## CATEGORY SHEET

1. Title of Case (Name of first party on each side only)
   United States of America v. $21,000.00 in U.S. Currency

2. Category in which case belongs: (See Local Rules)

   | | |
   |---|---|
   | [X] ORDINARY CIVIL CASE | [CIVIL FORFEITURE] |
   | [ ] SOCIAL SECURITY | |
   | [ ] BANK CASE | |
   | [ ] INJUNCTION | |

3. Title and number, if any, of related cases (See Local Rules)

4. Has a prior action between the same parties and based on the same claim ever been filed in this Court?
   ☐ YES   [X] NO

5. Is this case required to be heard and determined by a District Court of three judges pursuant to Rule 28 U.S.C. 2284?
   ☐ YES   [X] NO

6. Does this case question the constitutionality of a state statute (FRCP 24)?
   ☐ YES   ☒ NO

(Please Print)

USDC ATTORNEY'S ID NO.: USDC # 214902

ATTORNEY'S NAME: Hector E. Ramirez-Carbo

MAILING ADDRESS: TORRE CHARDON, SUITE 1201, 350 CARLOS CHARDON AVE

HATO REY   PR   ZIP CODE 00918

TELEPHONE NO.: 787-766-5656

UNSWORN DECLARATION IN SUPPORT OF CIVIL FORFEITURE COMPLAINT

I, Brian C. Thompson, U.S. Postal Inspector with the United States Postal Inspection Service (USPIS), hereby declare as follows:

PROFESSIONAL BACKGROUND

I am a Postal Inspector with the United States Postal Inspection Service (USPIS), currently assigned to the Newark Division, San Juan Field Office, located in Guaynabo, Puerto Rico, and have so been employed since March 2006. I have received formal classroom training from the United States Postal Inspection Service during the 12-week Postal Inspector Basic Training Academy at the Career Development Unit in Potomac, Maryland. I also have had additional training and experience with other U.S. Postal Inspectors and federal and local law enforcement agents in connection with the investigation of the use of the U.S. Mail or in connection to the U.S. Postal Service ("USPS"), property of the USPS and other postal offenses, as set forth in Title 18, United States Code §3061. As such, I am an "investigative or law enforcement officer" within the meaning of Title 18, United States Code, §2510(7). That is, I am an officer of the United States who is empowered by law to conduct investigations and to make arrests for crimes furthered through the use of the U.S. Mail or in connection to the U.S. Postal Service.

I am currently assigned to the San Juan Prohibited Mail Team and am primarily responsible for investigations involving the illegal use of the U.S. Mail in the trafficking of narcotics and firearms. As a result, I have conducted numerous firearms and narcotics investigations involving the transportation of firearms and controlled substances; as well as those involving proceeds derived from the distribution of firearms and controlled substances via the mail, in violation of Title 18 United States Code, §§922 (a)(1)(a) & (a)(3), and 1715, and 21 United States Code, §§841 (a)(1), 843(b), and 846. As a Postal Inspector, I have also worked on several investigations involving the

use of the U.S. Mail and the Postal Service to launder and smuggle currency derived from specified unlawful activities, including narcotics distribution, in violation of 18 United States Code, §§ 981, 982, 1956, and 1957, and Title 31, United States Code, §5325. Additionally, I have also participated in several interdiction operations targeting parcels containing illegal firearms, narcotics, and proceeds thereof, both in San Juan and elsewhere in the continental United States. While conducting investigations relative to the mailing of firearms, narcotics and currency, I have had the opportunity to become familiar with known trafficking sources and destination areas, various smuggling methods and techniques used by traffickers, as well as the manner in which traffickers package illicit firearms, narcotics, and related proceeds.

This Unsworn Declaration is submitted in support of a verified complaint of forfeiture, which involves the offenses detailed in Section 881(a)(6) of Title 21, United States Code, particularly all moneys, negotiable instruments, securities or other things of value furnished or intended to be furnished by any person in exchange for controlled substance or listed chemicals, in violation of the subchapter, all proceeds traceable to such an exchange and all moneys, negotiable instruments and securities used or intended to be used to facilitate any violation of Title 21.

Because this declaration is submitted for a limited purpose, the undersigned has not included details of every aspect of this investigation. The facts and information contained in this unsworn declaration are based on my personal knowledge as well as observations of other Postal Inspectors involved in this investigation. All observations that were not personally made by me were relayed to me by other law enforcement officers as a result of my personal participation in the investigation of Adolfo Andujar Dominguez, Shirley Silva Jimenez, and Alexis Montes Andujar, and others; through information obtained from other law enforcement agencies, witnesses and reliable sources, I am

2

familiar with the facts and circumstances of the offenses described in the "Facts" section of this unsworn declaration.

Unless otherwise noted, whenever in this unsworn declaration I assert that a statement was made, the information was provided by another law enforcement officer, to whom I have spoken or whose report I have read and reviewed.

Likewise, information resulting from the parcel interdiction and investigation, except where otherwise indicated, does not set forth my observations, but rather has been provided, directly or indirectly, through other law enforcement officers that conducted the interdiction.

## PROPERTY TO BE FORFEITED

This unsworn declaration is offered in support for the forfeiture of the following asset seized during the aforementioned enforcement actions:

- **$21,000.00 IN U.S. CURRENCY.**

## INVESTIGATIVE BASIS

Based on my training and experience I have learned that:

1. The U.S. Mail is often used by narcotic traffickers to transport controlled substances, as well as U.S. currency derived from, or involved in, the distribution of controlled substances, either as payment or proceeds.

2. The drug traffickers know that both U.S. Mail, Priority Mail Express and Priority Mail, are considered First Class Mail and are therefore protected against inspection without a Federal Search Warrant.

3. That drug traffickers discern that by using Priority Mail Express and Priority Mail with

3

Delivery Confirmation, they can track the parcels, control dispatch times and locations, and most importantly, have a guarantee of delivery in one or two business days. Moreover, traffickers also know that any delay in a Priority Mail Express parcel delivery could represent that such parcel has been intercepted by law enforcement.

4. That law enforcement agencies have established, based upon years of experience in narcotics investigations, that the state of Florida frequently receives controlled substances sent via the U.S. Mail from Puerto Rico. Furthermore, Puerto Rico is a known destination for the returning proceeds or payments of such narcotics from Florida.

5. That, in addition to the aforementioned, it is customary for narcotics traffickers to hand write the labels attached to the mail piece instead of using a pre-printed label. Pre-printed labels are customary with most legitimate businesses utilizing the Priority Mail Express service.

6. That individuals who regularly handle controlled substances often leave the scent of controlled substances on the box, packaging materials, and U.S. currency they handle, and that packaging materials are often stored in close proximity to the controlled substances transferring the odor to the packaging materials.

7. That narcotic canines, also known as K-9, are trained to alert to the smell of various chemicals present in illegal narcotic drugs, such as methyl benzoate, a chemical present in cocaine.

8. That USPIS Inspectors know from training and experience that individuals who traffic in controlled substances rarely include any type of instruction with the proceeds, unlike legitimate businesses or gifts whose note, letter, receipt, or coupon is included with the cash or monetary instruments.

4

9. Postal Inspectors have found, in most cases, narcotics payments have been primarily in twenty-dollar denominations.

## FACTS

On August 1, 2018, at the USPS General Post Office located in San Juan, Puerto Rico, Priority Mail Express parcel EE180378953US, addressed to Shirley Silva Jimenez, Ext. Santa Juanita AZ Calle 1 Bayamon, PR 00956, with a return address of Adolfo Andujar, 2015 Garden Street, Santa Rosa Beach, FL, was identified by Postal Inspectors as meeting the initial suspicious characteristics of a narcotics mailing.

The subject parcel was a rectangular shaped white USPS Priority Mail Express envelope, had a hand written label, weighed approximately one (1) pound, and thirteen (13) ounces, and measured approximately 15" x 11" x 1". The parcel had affixed to it U.S. Postage Meter strip number R2304H109029-06, with a postage amount of $41.70. The parcel was mailed from Santa Rosa Beach, FL 32459, and was dated July 31, 2018.

On August 3, 2018, at the USPS General Post Office facility, located in San Juan, Puerto Rico, the parcel was placed for exterior examination by a narcotics detection canine from the U.S. Customs and Border Protection. According to the officer who handled the canine, "Honzo" exhibited a change of behavior consistent with the presence of various odors of controlled substances.

On August 6, 2018, Federal Search Warrant 18-1212(M), dated August 3, 2018, was executed on Priority Mail Express parcel EE180378953US. The parcel was opened and found inside was a bundle wrapped in giftwrap containing a plastic expanding folder. Inside the folder was one

vacuum sealed bag and gold colored tissue paper. Inside the vacuum sealed bag was U.S. currency in $10, $20, $50, and $100 denominations totaling $21,000.00. There were no notes or instructions in the parcel.

According to USPS Bayamon Branch Station Carrier Supervisor, the address of Ext Santa Juanita, AZ Calle 1, Bayamon PR 00956, is recognized by the U.S. Postal Service as a deliverable address. It was unknown if Shirley Silva Jimenez is a mail recipient at the address.

On September 12, 2018, a Probable Cause Verification was approved by the Postal Inspection Service, Division Inspector Attorney for the seizure of $21,000.00 in U.S. currency. Notices were sent to all interested parties on September 14, 2018.

On August 31, a staff member from the Inspection Service placed a phone call to the intended recipient of the parcel, Shirley Silva Jimenez, 787-241-7162. A male answered the call and he was asked if we could speak with Shirley Silva Jimenez to which he replied it was the wrong number. Then, just before hanging up, the male asked to repeat the name. He explained the person was his cousin, but she was working, to leave a message for her. After the Inspection Service staff member explained it was very important to speak with her, he requested the caller to wait to see if he could reach her. Then a female came on the line into the conversation and identified herself as Shirley Silva Jimenez. Ms. Silva was asked if she was expecting a parcel, she replied "yes." She was asked for her address, and the name and address of the sender. Ms. Silva said it was from Andujar and she did not know the address, just that it was coming from Florida. The male said it was from his cousin, Adolfo Andujar, 205 Garden St., Santa Rosa Beach, FL. Ms. Silva was asked what the contents of the parcel was, to what she replied "I don't know."

On September 24, 2018, a valid Claim was received at the U.S. Postal Inspection Service

6

Asset Forfeiture Unit from Adolfo Andujar, 205 Garden St., Santa Rosa Beach, FL 32459, (850) 842-9908, gmedero94@gmail.com.

Andujar claims to be the rightful owner of the $21,000.00 in U.S. currency seized by Postal Inspectors; that he has proof that he is the owner of the money because is money he earned through his work and also money he saved. With his claim, Adujar included a document titled Electronic Articles of Organization for Florida Limited Liability Company indicating he is the registered agent or owner of AA Classic Wood LLC business since June 5, 2017. Andujar also included an illegible 2017 Form 1099 Misc.

On September 28, 2018, a letter from the U.S. Postal Inspection Service was sent to Adolfo Andujar, 205 Garden St., Santa Rosa Beach, FL 32459, requesting additional information and/or evidence. On October 15, 2018, a response was received from Andujar. Following is the information requested by the Inspection Service with the answers provided by Andujar:

1. *Provide complete copies of your latest state tax, federal tax, and/or business tax filling documents. The 1099 document included with your Claim is illegible and is not a complete tax filling document.*

    "See attachments."

2. *Provide a statement explaining to who the parcel was sent to, the reason for sending the money to that person.*

    "The parcel was sent to Mr. Alexis Montes Andujar (My Cousin) and the reason for sending the money was to buy a couple of used automobiles in PR."

3. *Explain the reason why cash was sent instead of a financial instrument such as a personal check, business check, manager's check, or money orders.*

    "The reason why cash was sent instead of a financial instrument is because the money was needed as soon of possible to finalize the purchase of the vehicles."

4. *Provide a description of the concealment inside the parcel together with the money. In addition provide a reason to use that method of concealment.*

7

"The money was vacuum sealed and wrapped with a metallic paper and then wrapped with gift paper and placed inside a folder. I used this method of concealment to avoid the money being stolen."

5. *We have been unable to locate and identify the addressee as it was written in the label delivery address of the Express Mail parcel. Provide a declaration statement from the intended recipient of the parcel with following:*

    "The name and address that was written in the label delivery address of the Express Mail Parcel was only used for delivery purpose. Ms. Shirley Silva Jimenez is just a friend and she was used as intermediary to receive the Express Mail Parcel and handle the package to my cousin Mr. Alexis Montes Adujar."

    a. *A complete name, address, telephone number, and at least the last four digits of the Social Security number, the complete driver's license number, or passport number.*

        Alexis Montes Andujar address: Calle 7 N-4 Royal Town Bayamon, PR 00956. Driver License #4314324.....Last four digits of the Social Security Number 1853.

    b. *Description of what was expected in the parcel and its purpose.*

        "Was expected in the parcel, money in cash and its purpose was to buy a couple of used vehicles."

    c. *Relationship to the sender of the parcel.*

        "Ms. Shirley Silva Jimenez relationship friend and Mr. Alexis Montes Andujar my cousin."

No statement from the addressee, Shirley Silva-Jimenez, or the alleged intended recipient, Alexis Montes-Andujar was provided. No explanation of the need to use an "intermediary," instead of using the intended recipient's name of Alexis Montes-Andujar. He also mentioned the reason for sending cash was because it was needed as soon as possible to finalize the purchased of the vehicles. However, no evidence of any contract of bill of sales was provided as evidence.

Included with the response letter from Andujar was a 2017 Form 1040, U.S. Individual

8

Income Tax Return. This document indicated Mr. Andujar's business income was $18,453. Although, according to Andujar's 2017 Schedule C Form, his business gross sales was $73,074, he claimed expenses for a total of $54,621.

Andujar also included the Trustmark National Bank account statements from September 2017 through September 2018. The statements do not indicate/show a lump sum withdrawal for $21,000.00, and there is no indication by Mr. Andujar of which transactions were the ones made for the withdrawal of $21,000.00 in cash.

| Date | Credits | Debits | Balance |
| --- | --- | --- | --- |
| 9/1 - 9/30/2017 | $13,270.50 | $11,756.53 | $3,385.15 |
| 10/1 - 10/31/2017 | $9,035.85 | $11,066.23 | $1,282.77 |
| 11/1 - 11/30/2017 | $8,257.43 | $8,982.16 | $522.04 |
| 12/1 - 12/31/2017 | $9,862.00 | $9,178.08 | $1,097.96 |
|  | $40,425.78 | -$40,983.00 |  |
|  |  |  |  |
| 1/1 - 1/31/2018 | $9,857.00 | $9,376.27 | $1,567.82 |
| 2/1 - 2/28/2018 | $8,277.50 | $4,911.89 | $4,933.63 |
| 3/1 - 3/31/2018 | $14,053.67 | $13,445.15 | $5,542.15 |
| 4/1 - 4/30/2018 | $7,208.00 | $10,065.35 | $2,679.80 |
| 5/1 - 5/31/2018 | $7,400.00 | $7,434.84 | $2,644.96 |
| 6/1 - 6/30/2018 | $4,138.90 | $3,676.20 | $3,107.66 |
| 7/1 - 7/31/2018 | $4,350.00 | $6,955.37 | $502.29 |
| 8/1 - 8/31/2018 | $3,700.00 | $3,298.62 | $903.67 |
| 9/1 - 9/30/2018 | $4,600.00 | $4,030.39 | $1,473.28 |
|  | $63,585.07 | -$63,194.08 |  |

The statutory provisions pursuant to which the assets are subject to seizure and forfeiture are as follow:

a. Title 18, United States Code, Section 981(a)(1)(C) – Civil Forfeiture - The following property is subject to forfeiture to the United States: Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section 215, 471, 472, 473, 474, 476, 477, 478, 479, 480, 481, 485, 486, 487, 488, 501, 502, 510, 542, 545, 656, 657,

9

670, 842, 844, 1005, 1006, 1007, 1014, 1028, 1029, 1030, 1032, or 1344 of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

b. Title 21, United States Code, Section 881(a)(6) – All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

c. Title 18, United States Code, Section 1956(a)(2) – Whoever transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States— **(A)** with the intent to promote the carrying on of specified unlawful activity; or **(B)** knowing that the monetary instrument or funds involved in the transportation, transmission, or transfer represent the proceeds of some form of unlawful activity and knowing that such transportation, transmission, or transfer is designed in whole or in part— **(i)** to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or **(ii)** to avoid a transaction reporting requirement under State or Federal law, shall be sentenced to a fine of not more than $500,000 or twice the value of the monetary instrument or funds involved in the transportation, transmission, or transfer, whichever is greater, or imprisonment for not more than twenty years, or both. For the purpose of the offense described in subparagraph (B), the defendant's knowledge may be

established by proof that a law enforcement officer represented the matter specified in subparagraph (B) as true, and the defendant's subsequent statements or actions indicate that the defendant believed such representations to be true.

d. Title 21, <u>United States Code</u>, Section 841(a)(1) – Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally— (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or (2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

e. Tile 21, <u>United States Code</u>, Section 843(b) - It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II. Each separate use of a communication facility shall be a separate offense under this subsection. For purposes of this subsection, the term "communication facility" means any and all public and private instrumentalities used or useful in the transmission of writing, signs, signals, pictures, or sounds of all kinds and includes mail, telephone, wire, radio, and all other means of communication.

f. Title 21, <u>United States Code</u>, Section 846 – Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

Based on the facts (1) of the suspicious manner in which defendant money was transferred, not wired, not sent by check, but rather sent uninsured, overnight by Priority Mail Express shipment

which was paid for in cash; (2) of the substantial amount of cash involved, $21,000.00; (3) and the dog sniff - a trained narcotics canine, who alerted positive to the package; the undersigned believes that the $21,000.00 in U.S. Currency seized from Adolfo Andujar-Dominguez, constitutes proceeds derived from the illegal sale of narcotics in violation of the aforementioned statutory provisions.

I declare under penalty of perjury that the above is true and correct to the best of my knowledge and belief, pursuant to Title 28 United States Code, §1746.

In San Juan, Puerto Rico, this 7th day of December 2018.

_____
Brian C. Thompson
US Postal Inspector
United States Postal Inspection Service
San Juan, Puerto Rico